19913. ATLANTA GUARANTY COMPANY *v.* BENTON.

Decided November 12, 1929.

*R. R. Jackson, E. L. Fowler,* for plaintiff in error.
*G. H. Cornwell, F. W. Flint, L. R. Quinn,* contra.

LUKE, J. Lucy Benton brought suit against Atlanta Guaranty Company, alleging: "Lucy Benton, as plaintiff, brings this her petition against Atlanta Guaranty Company, as defendant, and shows to the court: 1. That the defendant is a corporation . . 2. That defendant has injured and damaged said plaintiff in the amount of $5,000 by reason of the following facts: 3. That on the 21st day of March, 1928, *said defendant, its authorized agents,* servants and/or employees, did arrest and/or cause to be arrested and imprisoned said plaintiff, and did then and there place and/or cause to be placed in the Fulton Tower, the common jail of said county, said plaintiff, and that said arrest and imprisonment was made without probable cause to sustain it and that the same was illegal, unlawful and malicious, and was done for the sole purpose of injuring the reputation of said plaintiff and bringing her into shame, humiliation, disgrace, and degradation, by reason of depriving her of her liberty without cause by incarcerating her in the common jail of said county. 4. That said arrest and imprisonment was made and/or caused to be made by one E. L. Downs, an agent, servant and/or employee of said defendant, and that said arrest and imprisonment of said plaintiff *was made and/or caused to be made by said defendant,* its agents, servants, and/or employees under a bail-trover sued out against one Sallie Martin, and that at the time and place aforesaid the said E. L. Downs, *as agent, servant, and/or employee of said defendant,* pointed out said plaintiff to the arresting officer, G. D. McWilliams, a deputy marshal, as being the said Sallie Martin, then and there *causing the arrest and imprisonment* of said plaintiff as aforesaid. 5. That the said E. L. Downs at the time and place aforesaid *was acting in his capacity as an agent, servant and/or an employee of the defendant,* and in said capacity well knew that plaintiff was not the said Sallie Martin named in said bail-trover, and that he, the said E. L. Downs, *while acting in said capacity, then and there caused the arrest and imprisonment of the plaintiff,* contrary to law. 6. That said plaintiff was kept confined in said jail for a period of about ten days and was forced thereby to employ counsel to secure her release from said wrongful imprisonment, at great expense to herself, namely one hundred dollars. 7. That by reason of said arrest and imprisonment said plaintiff has been made to suffer great physical pain and mental anguish, and that she has been made sick and sore,

and has been greatly humiliated and shamed, and that she has been and is held up to great ridicule, scorn, and contempt by her neighbors, associates, and acquaintances. 8. That said arrest and imprisonment caused plaintiff to become ill, and that since said arrest and imprisonment plaintiff has continued in ill health and has been forced to expend large sums of money for doctor's bills and medicines, namely about $100, and that she shall continue to be put to great expense by reason of said illness. 9. That plaintiff is entitled to exemplary damages by reason of the aggravation and intentions of said defendant, surrounding the act of arrest and imprisonment aforesaid. Wherefore," etc. (Italics ours.) The court overruled the defendant's general demurrer to this petition, and the defendant, in its bill of exceptions, assigns error on this ruling.

If the plaintiff can prove the allegations of this petition she is certainly entitled to redress by the defendant; which is to say that the petition alleges a cause of action. The law recognizes the seriousness of depriving a citizen of his or her liberty unlawfully and on mere suspicion or mistaken identity; and those responsible for the imprisonment of another take the responsibility of proving the identity of the person so arrested. *Johnston* v. *Riley*, 13 *Ga.* 98 (9, 10), 137. Bigelow, in dealing with the subject of false imprisonment, says: "It is to be observed at the outset that the officer in executing his process must arrest the person named in it. If he do not, though the arrest of the wrong person was made through mere mistake, it may be a case of false imprisonment. And this appears to be true though the party arrested bear the same name as the party against whom the writ is directed." Bigelow on Torts (8th ed.), 342. Cooley in his work on Torts (3d ed.), 315, 316, says: "In making *or procuring* the arrest of a person both officers and private persons act at their peril in the matter of identity. If the wrong person is arrested they are liable for false imprisonment, and good faith is no defense." (Italics ours.)

The fact that Downs and McWilliams may be liable, as intimated in the brief of the plaintiff in error, would not relieve the defendant of liability. Any one or all three of them might be liable, depending upon the circumstances. In the *Johnson* case, supra, it was held that "All who are concerned in the arrest are trespassers;"

and Cooley on Torts (3d ed.), 319, says: "All who aid, assist, direct, advise, or encourage the unlawful arrest of a person are liable for the consequences, *and corporations will be liable for a false imprisonment made or procured by their agents or servants* if within the scope of their employment, or if authorized or ratified by them." (Italics ours.) The petition alleges that "said arrest and imprisonment of said plaintiff was made or caused to be made by said defendant." In the case of *Mitchell* v. *Malone, 77 Ga.* 301, —an action for false imprisonment,—it was held that "If the sheriff was honestly mistaken as to the identity of the person accused, or if he acted prudently and cautiously in ascertaining the truth of the matter, these facts *might* go in mitigation of the damages, but would not altogether defeat a recovery." (Italics ours.)

The petition alleging false imprisonment need not allege how the bail-trover action terminated, since such action was not directed against the plaintiff as in malicious prosecution, where a conviction would indicate that the prosecution was probably justified; nor need the petition allege that the plaintiff was not Sallie Martin, as suggested in the brief of counsel for plaintiff in error. This would be mere surplusage, since the petition plainly shows that the plaintiff is named Lucy Benton.

The petition contains amply sufficient allegations of fact to set out a cause of action against the defendant, and the court properly overruled the demurrer thereto.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*